IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Alan Kneisel,** | ) | CASE NO. 1:19 CV 1441 |
| | ) | |
| **Plaintiff,** | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| **United States Government,** *et al.*, | ) | **AND ORDER** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

*Pro se* plaintiff Alan Kneisel has filed an *in forma pauperis* civil complaint against the United States Government, the House of Representatives, Congress, and Great Britain's Prime Ministry. (Doc. No. 1.) His complaint consists of assertions and grievances that the Court is unable to decipher regarding a number of people, institutions, and events. The complaint does not set forth comprehensible allegations or legal claims against the defendants, or seek any specific relief.

When a plaintiff is proceeding without the assistance of counsel, a court is required to construe his complaint indulgently and hold it to a less stringent standard than a formal pleading drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Nonetheless, even *pro se* plaintiffs must satisfy basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v.*

*Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Federal district courts are required under 28 U.S.C. § 1915(e)(2)(B) to screen all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). In order to avoid a dismissal, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition, a complaint must contain allegations sufficient to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Even according the plaintiff's complaint the deference to which a pro se pleading is entitled, it must be dismissed under §1915(e)(2)(B). The unclear assertions set forth in the plaintiff's pleading are insufficient to raise a right to relief against any defendant above a speculative level or suggest he has any plausible federal civil claim on which he may be granted relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Additionally, his allegations fall within the realm of frivolousness. *See Denton v. Hernandez*, 504 U.S. 25, 32 (1992) ("claims describing fantastic or delusional scenarios . . . with which federal district judges are all too familiar" are properly dismissed as frivolous).

**Conclusion**

Accordingly, the plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: October 4, 2019